478 F.2d 231
 KUNSTSAMMLUNGEN zu WEIMAR, Plaintiff-Appellant,
v.
Edward I. ELICOFON, Defendant-Appellee.
FEDERAL REPUBLIC OF GERMANY, Plaintiff-Appellee,
v.
Edward I. ELICOFON, Defendant-Appellee,
Elisabeth Mathilde Isidore Erbgrossherzogin von
Sachsen-Weimar-Eisenach (Grand Duchess of
Saxony-Weimar), Plaintiff-Intervenor-Appellee,
Kunstsammlungen zu Weimar, Proposed Plaintiff-Intervenor-Appellant.
 Nos. 748-749, Dockets 72-2305 and 72-2306.
 United States Court of Appeals,
Second Circuit.
 Argued April 24, 1973.
Decided April 25, 1973.
 
 Harry I. Rand, New York City (Lawrence M. Kaye, Botein, Hays, Sklar & Herzberg, New York City, on the brief), for proposed plaintiff-intervenor-appellant.
 Richard W. Hulbert, New York City (Cleary, Gottlieb, Steen & Hamilton, New York City, on the brief), for defendant-appellee Elicofon.
 Albert D. Jordan, New York City (Elliot Paskoff, Horst Kurnik and Valicenti, Leighton, Reid & Pine, New York City, on the brief), for defendant-appellee Federal Republic of Germany.
 Herbert Strong, New York City, for plaintiff-intervenor-appellee Duchess of Saxony-Weimar.
 Before BREITENSTEIN,* KAUFMAN and MANSFIELD, Circuit Judges.
 PER CURIAM:
 
 
 1
 On January 27, 1969, the Federal Republic of Germany brought suit in the district court for the Eastern District of New York against Edward Elicofon, a New York resident, to recover two valuable paintings by the renowned artist Albrecht Duerer, alleged to have been stolen in 1945 from Schwartzburg Castle in Germany during the American Occupation. The Federal Republic asserts that the paintings, executed in the year 1499, are the property of the German people, having been in the possession of a state museum at the time of theft, and that it is the only government that may properly represent the German people in an American court. On March 25, 1969 the Grand Duchess of Saxony-Weimar was granted leave to intervene, based on a claim that the Duerer masterpieces have been part of the collection of the Grand Duke of Saxony-Weimar since 1824 and that title to the paintings rests in her through an assignment from the Grand-Duke.
 
 
 2
 On April 14, 1969, the Kunstsammlungen zu Weimar (Weimar Art Collection), an entity existing under the laws of the German Democratic Republic, sought leave to intervene, and brought a separate action against Elicofon for return of the paintings. The Kunstsammlungen asserts that it has custody over the art collection from which the paintings allegedly were stolen and is, accordingly, the rightful owner of the Duerer works.
 
 
 3
 The motion to intervene was opposed by all parties, and Elicofon moved to dismiss the separate action brought against him by the Kunstsammlungen zu Weimar. In essence the Federal Republic of Germany, the Grand Duchess and Mr. Elicofon took the position that the Kunstsammlungen Zu Weimar is an arm and agency of the German Democratic Republic, a government not recognized by the United States, and as such is without standing to sue in American courts. In addition, the United States Department of Justice, acting in behalf of the Department of State, filed a "Suggestion of Interest of the United States" indicating the following.
 
 
 4
 1. The United States Government does not recognize the East German regime.
 
 
 5
 2. The United States Government recognizes the Federal Republic of Germany as the only German Government entitled to speak for Germany as the representative of the German people in international affairs.
 
 
 6
 3. The United States Government recognizes the Federal Republic of Germany as entitled in this litigation to represent the Weimar Museum as trustee of its interests.
 
 
 7
 In an opinion filed on June 25, 1970, Chief Judge Mishler ruled that the German Democratic Republic would not be entitled to sue in its own right to recover the two Duerer paintings. Following an evidentiary hearing, Chief Judge Mishler ruled, in an opinion filed September 26, 1972, that the Kunstsammlungen zu Weimar was an arm and agency of the German Democratic Republic and, as such, was barred from suit. Accordingly, leave to intervene was denied and the motion to dismiss made by Elicofon was granted. This appeal followed.
 
 
 8
 We affirm for the reasons given in Chief Judge Mishler's two opinions, reported at 358 F.Supp. 747 (E.D. N.Y.1973). Moreover, we find no merit in the argument advanced here that the Kunstsammlungen zu Weimar is an arm of the government of the Union of Soviet Socialist Republics and therefore an agency of a recognized government previously granted litigant status.
 
 
 
 *
 Of the United States Court of Appeals for the Tenth Circuit, sitting by designation